1997 ME 47

**Edmund J. QUIRION**

v.

**PUBLIC UTILITIES COMMISSION.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 16, 1997.

Decided March 18, 1997.

Matthew E. Pollack, Pollack & Quirion, P.A., Topsham, for appellant.

Lisa C. Fink, Public Utilities Commission, Augusta, for appellee.

Carol Frederick, Weld, Party in interest.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

DANA, Justice.

[¶ 1] Edmund J. Quirion appeals from the decision of the Public Utilities Commission dismissing his request that George and Ruth Whitin be declared responsible for providing water service to his neighbors. The dismissed request is a part of Quirion's broader request to abandon the service he has been providing. Because Quirion's appeal is interlocutory and raises an issue of statutory construction rather than the constitutionality of a ruling or order of the Commission,[1] we dismiss the appeal.

[¶ 2] In January 1996, Edmund Quirion, the owner and operator of a public water utility serving several of his neighbors, filed a request to abandon service with the Commission. One of the bases provided for his request was that he "was wrongly and illegally declared to be a public utility" by the Commission in 1990. Quirion further re-

---

1. 35-A M.R.S.A. § 1320(5) (1988) provides: "An appeal [from a decision of the commission] may also be taken ... when the ... constitutionality of any ruling or order of the commission is in issue, notwithstanding that the ruling or order is not final."

quested that the former owners of the utility, George and Ruth Whitin, be declared responsible for providing water service to his customers.

[¶ 3] In May 1996, the Commission concluded Quirion's request to abandon service is governed by 35–A M.R.S.A. § 1104, rather than the provision asserted by Quirion, 35–A M.R.S.A. § 1302(3); [2] concluded it would not reconsider its 1990 decision; and dismissed Quirion's request regarding the Whitins because he did not comply with the requirements of the applicable portion of the statute, 35–A M.R.S.A. § 1302(1).

■■■ [¶ 4] Quirion argues the Commission erred by failing to allow his request regarding the Whitins to proceed pursuant to section 1302(3), and the erroneous dismissal violates his constitutional right to have access to the Commission's judicial authority.[3] The Commission argues Quirion's appeal must be dismissed because it raises an issue of statutory interpretation rather than of constitutional dimension. We agree. Quirion's appeal challenges the Commission's in-terpretation of section 1302. It does not raise an issue regarding the constitutionality of the Commission's decision, and is not a proper matter for interlocutory appeal, pursuant to section 1320(5). A party does not convert a challenge of the Commission's statutory interpretations into an issue of constitutional significance meriting interlocutory review by merely asserting such an interpretation interferes with a constitutional right of access to the Commission's jurisdiction.

■■ [¶ 5] Although we conclude this appeal is not properly before us, we deny the Commission's request for costs pursuant to M.R.Civ.P. 76(f).

The entry is:

Appeal dismissed.

**2.** 35–A M.R.S.A. § 1104 (1988) provides:
**Abandonment of property or service**
   **1. Commission approval.** No public utility may abandon all or part of its plant, property or system necessary or useful in the performance of its duties to the public, or discontinue the service which it is providing to the public by the use of such facilities, without first securing the commission's approval.
   **2. Terms and conditions.** In granting its approval, the commission may impose such terms, conditions or requirements as in its judgment are necessary to protect the public interest. A public utility abandoning all or part of its plant, property or system or discontinuing service pursuant to authority granted by the commission under this section is deemed to have waived all objections to the terms, conditions or requirements imposed by the commission in that regard.
35–A M.R.S.A. § 1302 (1988) provides:
**Complaints**
   **1. Filing a complaint.** When a written complaint is made against a public utility by 10 persons aggrieved ... that a regulation, measurement, practice or act of a public utility is in any respect unreasonable, insufficient or unjustly discriminatory ..., the commission, being satisfied that the petitioners are responsible, shall ... investigate the complaint.
   **2. Processing of complaint.** The commission, immediately upon the filing of a complaint, shall notify in writing the public utility.... The utility shall ... respon[d] ... within 10 days.... [T]he commission shall render a decision upon the complaint no later than 9 months after its filing.
   **3. Complaint by utility or commission.** The commission may institute or any public utility may make complaint as to any matter affecting its own product, service or charges. The complaint shall be processed in accordance with subsection 2.

**3.** Quirion's request for abandonment has proceeded, pursuant to 35–A M.R.S.A. § 1104, while he has pursued this interlocutory appeal.